**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DANIEL MICHAEL DEUTSCH,<br><br>Plaintiff,<br><br>v.<br><br>HF HOLDINGS, INC. and CONVENTIONS PSYCHIATRY AND COUNSELING, P.C.,<br><br>Defendants. | Case No.1:16-cv-11550<br><br>Honorable Judge Milton I. Shadur |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**AGAINST HF HOLDINGS, INC. ON A SUM CERTAIN**

NOW comes DANIEL MICHAEL DEUTSCH ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against HF HOLDINGS, INC. ("Defendant") and in support thereof, stating as follows:

1. On December 22, 2016, Plaintiff filed his Complaint for Relief Pursuant to the Federal Fair Debt Collection Practices Act ("FDCPA") against Defendant.

2. The basis of Plaintiff's Complaint is that Defendant violated the FDCPA through its debt collection actions. Chiefly, Plaintiff alleges that Defendant made false, harassing, and threatening statements and representations during its collection activity towards him and his family.

3. On January 5, 2017, Omar Corzo, a process server for Accurate Serve Orlando, effectuated service on Defendant. Service was made by hand delivery upon Cindy Gondula of Defendant's registered agent, R.A. Spiegel & Utrera, P.A, who is authorized to accept such service on behalf of Defendant.

4. Throughout these proceedings, Sulaiman has been in contact with counsel for CONVENTIONS PSYCHIATRY AND COUNSELING, P.C. ("Conventions"); another named defendant in this matter.

5. Counsel for Conventions represented that Defendant was aware of the instant proceedings and was willfully choosing not to participate.

6. Plaintiff reached a resolution with Conventions and a Notice of Settlement was filed by Sulaiman on February 10, 2017.

7. Armed with information that Defendant knew about the instant proceedings and was choosing not to participate, Plaintiff filed a Motion for Entry of Default against Defendant on February 10, 2017.

8. Attached to the Motion for Entry of Default was an affidavit signed by Nathan C. Volheim of Sulaiman, attesting that service had properly been effectuated and Defendant was not in member of a protected category.

9. On February 22, 2017, the Clerk for this Honorable Court entered Plaintiff's Entry of Default against Defendant.

10. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment against Defendant and in favor of Plaintiff.

11. Plaintiff seeks statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and payment of his costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3). Additionally, because Defendant's conduct was willful and outrageous as discussed below, Plaintiff seeks punitive damages against Defendant pursuant to 815 ILCS 505/10a.

## STATUTORY DAMAGES

12. Plaintiff seeks statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA. Based on Defendant's conduct, Plaintiff believes this Honorable Court should grant

him the full statutory allotment. As Plaintiff complaint states, Defendant's conduct went well beyond the bounds of acceptable debt collection.

13. As an experienced and sophisticated debt collector, Defendant is in a unique position to understand the impact that its actions can have on consumers. Defendant purposefully contacted Plaintiff's elderly grandmother and notified her that Plaintiff owed a debt. This conduct was highly upsetting to both Plaintiff and his grandmother. Seeking to exploit a sensitive family relationship, Defendant willfully disclosed to a third-party that it was seeking collection from plaintiff.

14. As if this conduct was not bad enough, Defendant caused to be sent to Plaintiff written correspondence which was purposefully designed to give the impression that legal action had been or would be commenced against him. Knowing the severity of these representations, Defendant invoked the possibility of legal action to Plaintiff even though it did not have the intent of legal capability to follow through with its suggestions. Moreover, Defendant's knowledge of the instant action and failure to participate is instructive of how serious it takes violations of the FDCPA.

ATTORNEY FEES AND COSTS

15. Plaintiff seeks $5,300.00 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3) of the FDCPA. *See* attached Exhibit A is a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit B is a true and correct copy of an affidavit endorsed by the undersigned.

PUNITIVE DAMAGES

16. The reasons discussed above should give this Honorable Court more than enough substantiation to assess punitive damages. However, if more evidence is needed, one need not look any further than the prior conduct of Defendant. Violating the FDCPA and then ignoring a resulting lawsuit is nothing new for Defendant. In *Tammy Ann Jeffers v. HF Holdings,* Inc. 2:16-cv-00475, Defendant participated in the same type of Defendant and then willfully elected not to participate

in the litigation that followed. Defendant has established a pattern and practice of unlawfully collecting on consumers throughout the country and then extending the proverbial middle finger to Courts which have authority over its conduct. Plaintiff asks that this Honorable Court send a strong message to Defendant that its conduct will not be tolerated.

WHEREFORE, Plaintiff, DANIEL MICHAEL DEUTSCH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering a Default Judgment against HF HOLDINGS, INC. and in favor of Plaintiff;

b. Awarding Plaintiff $1,000.00 in statutory damages against HF HOLDINGS, INC. and in favor of Plaintiff;

c. Awarding Plaintiff $5,300.00 in costs and attorney fees against HF HOLDINGS, INC. and in favor of Plaintiff;

d. Awarding Plaintiff $3,000.00 in punitive damages against HF HOLDINGS, INC. and in favor of Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 20, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that March 20, 2017, he caused a copy of the foregoing PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST HF HOLDINGS, INC. ON A SUM CERTAIN, to be served by U.S. mail, postage prepaid on:

HF Holdings, Inc.
c/o Registered Agent
Spiegel & Utrera, P.A.
1840 Southwest 22nd Street, 4th Floor
Miami, FL 33145

HF Holdings, Inc.
5929 Anno Ave.
Orlando, Florida 32809

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com